```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ADRIAN GARBACZ, individually and on behalf
of a class                                              Case No.
                    Plaintiff,
                                                        COMPLAINT- CLASS ACTION
                                                        JURY TRIAL DEMANDED

AMERICAN EXPRESS CO.
RUBIN & ROTHMAN, LLC
                    Defendants.
--------------------------------------------------------X
```

# INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1. Plaintiff, Adrian Garbacz, brings this class action lawsuit against American Express, Co. ("AMEX") and Rubin & Rothman, LLC ("R&R") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and General Business Law § 349 ("GBL").

2. Plaintiff was sued by American Express Co. in Supreme Court of Queens County in 2005 (Index No. 26168/2005) for failing to pay credit charges arising from expenses primarily for personal, family, or household purposes.

3. AMEX obtained a judgment against plaintiff for the debt.

4. In or about March of 2009, The Honorable Charles J. Markey vacated the judgment and dismissed the case.

5. On February 8, 2019, almost 10 years after the judgment had been vacated, AMEX through R&R attempted to collect the judgment.

6. Plaintiff suffered emotional distress damages, including frustration and irritation as a result of Defendants' conduct.

7. Plaintiff also suffered a loss of time dealing with the erroneous collection attempt and had to hire an attorney.

8. Plaintiff seeks an injunction that will put an end to this harassing, deceptive and unfair practice as well as monetary relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 15 USC § 1692(k) (FDCPA) and supplemental jurisdiction for the state law claim under 28 USC § 1367.

10. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

11. Defendant, "R&R" is a New York law firm engaged in consumer debt collection. http://www.rubinrothman.com/

12. R&R is a "debt collector" as defined by the FDCPA.

13. AMEX is a corporation in New York.

14. AMEX regularly extends credit to consumers in the state of New York.

15. Plaintiff is a consumer as defined by the FDCPA.

## VIOLATIONS ALLEGED

## COUNT I – FDCPA CLAIM AGAINST R&R

16. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

17. § 1692d provides 6 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

18. § 1692e provides 16 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

19. § 1692f provides 8 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. Specifically, R&R violated 1692e(2)(A) by falsely representing the character, amount and legal status of the debt.

WHEREFORE, plaintiff requests that the Court enter judgment in his

favor and against R&R for:

(1) Appropriate statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

**COUNT II – GBL CLAIM AGAINST AMEX and R&R**

21. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

22. AMEX and R&R engaged in consumer oriented conduct.

23. AMEX and R&R caused harm to the plaintiff because plaintiff was forced to hire an attorney and suffered emotional distress because he was embarassed.

24. AMEX and R&R routinely enforced judgments arising from consumer debts.

25. AMEX and R&R's conduct affect the consuming public at large.

26. AMEX and R&R engaged in deceptive conduct by attempting to enforce a vacated judgment.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against AMEX and R&R for:

(1) An order enjoining AMEX and R&R's enforcement of non-existent judgments;

(2) Fifty Dollars

(3) Litigation expenses, attorney's fees and costs of suit;

(4) Such other or further relief as the Court deems proper.

## CLASS ALLEGATIONS

27. Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2) and FRCP 23(b)(3) and on behalf of himself and three classes of individuals.

28. The first class is composed of:

All individuals with a New York State address where R&R issued an information subpoena seeking to enforce a judgment against that individual when no judgment existed on or after a date one year prior to the filing of this action.

29. The second class is composed of:

All individuals with a New York State address where R&R issued an information subpoena seeking to enforce a judgment against that individual when no judgment existed on or after a date three years prior to the filing of this action.

30. The third class is composed of:

All individuals with a New York State address where an information subpoena was issued on behalf of AMEX seeking to enforce a judgment against that individual when no judgment existed on or after a date three years prior to the filing of this action.

31. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members; however, Plaintiff believes that there are at a minimum thousands of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

32. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Did AMEX and R&R cause harm to the class as defined by GBL 349?

Did AMEX and R&R engage in a deceptive act as to the class?

Is issuing information subpoenas to enforce judgments a consumer practice?

33. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' attempt to enforce a non-existent judgment.

34. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each Class. He has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendant has no defenses unique to Plaintiff.

35. Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. Each Class's claims present no issues of causation or reliance unique to individual class members.

36. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendant may defend such claims.

37. Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff in this case will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

38. Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

39. Upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

40. Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against AMEX and R&R for:

    (1) Certifying each class identified above;

    (2) Statutory damages of $1,000 per the FDCPA;

    (3) Statutory damages of $50 per GBL 349.

    (4) An injunction prohibiting defendants from collecting non-existent judgments;

    (5) Litigation expenses, attorney's fees and costs of suit;

    (6) Such other or further relief as the Court deems proper.

### JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 21st day of February 2018.

                                            Respectfully submitted,
                                            By: /s/ Shimshon Wexler
                                            The Law Offices of Shimshon Wexler, PC
                                            216 West 104th St., #129
                                            New York, New York 10025
                                            (212) 760-2400
                                            (917) 512-6132 (FAX)
                                            swexleresq@gmail.com