*Shimshon Wexler*
*216 W 104th St., #129*
*NYC, NY 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

June 13, 2019

Via  CM/ECF
Honorable Judge Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* 1:19-cv-01036-RJD-RLM Garbacz v. American Express Co. et al

Dear Judge Mann,

This is a situation where the client refuses to receive from a settlement more than 8 times the amount that he requested in the Complaint.

I am on an email listserv for lawyers where there are various posts about different legal matters. In February of this year, Mr. Berg posted about an illegal debt collection situation which had happened to Plaintiff:

in 2005 Collection attorney sued client on behalf of AMEX and obtained a

default judgement. In 2009 client via order to show cause had the complaint

dismissed and the judgement vacated. In 2019 clients employer receives an

Information subpoena seeking to recover the entirety of the vacated

judgment.

please email me directly if you want to take the case on contingency and i

will pass on your information to the client.

Initially, I contemplated filing an individual action on Mr. Garbacz's behalf because Defendants tried to collect from him a high dollar amount of $38,623.65.

However, after a phone call with Mr. Berg, I wrote to him that "I do not see this as the kind of case where punitive damages or large actual damages are warranted." I asked Mr. Berg if Mr. Garbacz would be interested in serving as a class representative in a class action. Mr. Berg said yes and I drafted an agreement and provided it to him. I then emailed Mr. Berg with Mr. Garbacz copied on the email as follows:

Mr. Berg,

I will be splitting attorney's fees with you 50%-50% which represents the expected work for each of us on this case.

Please obtain Mr. Garbacz's approval for this arrangement.

A true and correct copy of the agreement is attached as Exhibit A. Mr. Berg never did any work on the case from that point forward and refused to cover a conference and refused to enter an appearance in the case until the cases were in the process of being dismissed.

On March 22, 2019, Mr. Berg wrote that the "Number one goal [of the litigation] to you is that once and for all it will be clear that you do owe them a penny." That same day I wrote "remember, this is a class action where we are trying not only to get relief for you but for everyone who this happened to. If we were to settle now you can expect a thousand dollars from each defendant perhaps more. And like David said, we will be sure to have a clearly worded statement that you don't owe any money to AMEX."

On April 1, 2018 I asked Mr. Berg to cover the March 18, 2019 hearing. Two minutes later, he responded "I am not available" without providing a time when he would be available. I interpreted this to mean that he did not want to be involved with this case. Because Mr. Berg failed to do his fair share, I was forced to hire Mr. Gentile to get him up to speed on the litigation and for him to cover the initial conference. I have not yet paid Mr. Gentile for his services.

Mr. Berg's letter of earlier today is categorically false and he showed me the letter prior to filing it and I told him it was false. Mr. Garbacz never paid a penny to me. Nor has he offered to cover any expenses. The complaint filed on his behalf with his approval seeks $1,000 on his FDCPA claim (paragraph 20 of the Complaint) and $50 on his GBL 349 claim (Paragraph 26 of the Complaint). Mr. Berg falsely states that my work in this case was copied and pasted. Mr Berg also asks for proof of my expenses in the amount of $1,900 but he fails to mention that

I told him I wasn't claiming expenses of $1,900. Rather, I was claiming $740 consisting of a $400 filing fee (Dkt. 1) and a process server fee of $340 which I had provided substantiation for. See Exhibit B.

Most important of all, is that Mr. Berg neglects to mention that Mr. Garbacz was offered a multiple of greater than 8 times his maximum available statutory damages that was asked for in the Complaint that he himself approved.

I respectfully request that the Court Order Mr. Garbacz to receive 8 times the amount that he asked for in the Complaint and the remainder should be divided amongst his attorneys.

Respectfully Submitted,

s/ Shimshon Wexler